Lund, et al. v. Citizens, et al.     CV-97-183-M    06/25/98

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Richard Lund and John L. Claps,
       Plaintiffs

       v.                                        Civil No. 97-183-M

Citizens Financial Group, Inc. and
Citizens Bank New Hampshire,
       Defendants


**O R D E R**


By order dated March 5, 1998, both defendants' motion to dismiss and plaintiffs' motion to remand were denied without prejudice because the record was insufficient to determine whether the disputed Supplemental Executive Retirement Plan ("SERP") was or was not exempt from Employee Retirement Income Security Act ("ERISA") governance.  Defendants have renewed their motion to dismiss and provided additional information needed to resolve the exemption issue.  Plaintiffs object to defendants' renewed motion.

The parties now agree that plaintiffs' salaries during the years in question were insufficient to generate amounts necessary to qualify the SERP as an unfunded excess benefit plan within the meaning of 29 U.S.C.A. § 1003(b)(5) and § 1002(36), as the SERP applied to them.  See Order at 6-8 (March 5, 1998).  Thus, the SERP is not exempt from ERISA, and plaintiffs' state law claims are preempted.[1]  See id. at 3.

_____

[1]  Plaintiffs continue to argue that their state law claims are not preempted because the SERP is exempt from ERISA, and

Defendants also renew their motion to dismiss plaintiffs'
ERISA claims on grounds that the SERP is a "top hat" plan, so
exempt from ERISA's fiduciary requirements, and that plaintiffs
failed to exhaust their administrative remedies.  Each issue is
addressed in turn.

## A.    Breach of Fiduciary Duty

An unfunded plan "maintained by an employer primarily for
the purpose of providing deferred compensation for a select group
of management or highly compensated employees" is exempt from
many of ERISA's requirements, including the fiduciary
responsibility provisions.[2]  29 U.S.C.A. § 1101(a)(1) and § 1104;
see also Spacek v. Maritime Ass'n, I L A Pension Plan, 134 F.3d
283, 296 (5th Cir. 1998).  Such plans are commonly referred to as
"top hat" plans.  Id.

The SERP preamble states: "The primary objective of this
non-qualified supplemental retirement plan is to provide those

---

therefore is not a covered employee benefit plan, but they do not
contend that their particular claims do not sufficiently relate
to the plan to be covered by ERISA.  Cf., e.g., Rosario-Cordero
v. Crowley Towing and Transportation Co., 46 F.3d 120, 123 (1st
Cir. 1995) (explaining two steps of preemption analysis).

[2]    The court notes that "top hat" plans are also exempt from
the writing requirements normally imposed by ERISA, perhaps
permitting beneficiaries to justifiably rely on oral
representations even when those representations are inconsistent
with plan documents.  See, e.g., In re New Valley Corp., 89 F.3d
143, 153 (3d Cir. 1996), cert. denied, 117 S. Ct. 947 (1997).
Exemption of "top hat" plans from many of ERISA's requirements
and regulations does not, however, exempt such plans from ERISA's
enforcement provisions.  See Denzler v. Questech, Inc., 80 F.3d
97, 100 (4th Cir. 1996); Kemmerer v. ICI Americas Inc., 70 F.3d
281, 287 (3d Cir. 1995).

designated Executives a higher level of retirement benefits than otherwise permitted pension plans qualified under Section 401(a) of the Internal Revenue Code of 1986, as amended." Based on its stated purpose, the SERP appears to qualify as a "top hat" plan under section 1101(a)(1). Plaintiffs do not contest the SERP's status as a "top hat" plan and may have intended to drop their breach of fiduciary duty claim.[3]

Because the SERP is a "top hat" plan and exempt from ERISA's fiduciary duty requirements, plaintiffs' breach of fiduciary duty claim is dismissed.


B. **Exhaustion of Administrative Remedies**

Defendants contend that plaintiffs' remaining ERISA claim must be dismissed because plaintiffs did not first pursue their claims for benefits through administrative procedures provided by the SERP. Although ERISA does not expressly require exhaustion, the exhaustion requirement is interpreted from section 1133 which requires a claims procedure. Drinkwater v. Metropolitan Life Ins. Co., 846 F.2d 821, 825-26 (1st Cir. 1988). ERISA requires every employee benefit plan to "provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied . . . and afford a reasonable opportunity to any participant whose claim for

---

[3] In their objection to defendants' renewed motion to dismiss, plaintiffs argue that their ERISA claims in counts VII (for recovery of benefits) and IX (declaratory judgment for entitlement to benefits) are viable, but they do not mention their breach of fiduciary duty claim (Count VIII).

benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." 29 U.S.C.A. § 1133 (1) and (2); see also 29 C.F.R. § 2560.503-1 (1997).

Because "top hat" plans are exempt from fiduciary requirements and other regulations imposed by ERISA, it is not clear that the review process required for ERISA benefit claims applies to the SERP claims in this case. Nevertheless, because defendants assert the defense, they must believe that they were obligated to provide a claims review procedure established under section 1133.

Based on the record presented, however, the SERP plan provides no review process as required by section 1133(2). Although defendants refer to a SERP plan that includes an "Article 3" titled "Administration" that purportedly provides a claims procedure, no such document seems to be included in the present record. Thus, on the record before the court, it would seem that plaintiffs had no opportunity to obtain administrative review under the SERP, and certainly were never provided with plan documents or information sufficient to permit them to pursue the alleged claims procedure defendants reference.

In addition, the parties pursued their claims for eligibility for SERP benefits through letters and memos to defendants' counsel and human resources personnel. The documents included with the complaint do not show that any of defendants' representatives notified plaintiffs of a claims procedure or

referenced any opportunity for administrative review, or indicated that they were not pursuing the proper procedure. Therefore, under the circumstances established by the present record, the plaintiffs appear to have sufficiently exhausted the review process available to them, and any further efforts along the same lines would have been inadequate or futile. See Drinkwater, 846 F.2d at 825-26.

## Conclusion

For the foregoing reasons, defendants' renewed motion to dismiss (document no. 21) is granted in part and denied in part. Plaintiffs' state law claims, counts I through VI, and ERISA fiduciary duty claim, count VIII, are dismissed.


**SO ORDERED.**


_____
Steven J. McAuliffe
United States District Judge

June 25, 1998

cc:  Hamilton R. Krans, Jr., Esq.
     E. Stephen Murray, Esq.
     Glenn M. Martin, Esq.

5